**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROBERT FRERCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 11-cv-5319 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| PEARSON EDUCATION, INC. and JOHN ) | |
| DOE PRINTERS 1-10, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Pearson Education, Inc.'s motion to dismiss [13]. For the reasons set forth below, the Court denies Defendant's motion to dismiss [13].

**I.  Background**

Plaintiff Robert Frerck is a professional photographer who resides in Chicago, Illinois. Defendant Pearson Education, Inc. ("Pearson") is a textbook publisher, located in Delaware. Between approximately 1992 and 2010, Frerck sold Pearson limited licenses to use a number of Frerck's photographs in Pearson's publications. Frerck alleges that he expressly defined the number of permissible copies, distribution area, language, form of media, and duration for each publication.

Frerck contends that Pearson's use of his photographs regularly exceeded the use permitted by the terms of the licenses, or in some cases, used photographs without first seeking permission. Frerck further contends that he had no way of knowing the extent of Pearson's actual use of his photographs during that time, and thus he continued to grant Pearson additional licenses as requested. Finally, Frerck alleges that at the time that Pearson made the requests, it knew that its actual use would greatly exceed the limited permissions it requested and that

Pearson deliberately misrepresented those uses to gain access to Frerck's work and to deprive Frerck of licensing fees.

Frerck asserts two claims against Pearson for copyright infringement in violation of 17 U.S.C. § 501, *et seq.* First, Frerck alleges that Pearson sought limited licenses to use his images in specific publications, and then exceeded the scope of those licenses. Second, Frerck alleges that Pearson used his images in other publications without seeking or obtaining any license. Pearson has moved to dismiss both claims.

## II.     Standard on a Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 569 n. 14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 546. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." *Id*. at 555 (citations, quotation marks, and brackets omitted). The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

## III. Analysis

The elements of a claim for copyright infringement are: (1) ownership of a valid copyright, and (2) unauthorized copying of protected elements. See *Golden v. Nadler, Pritikin & Mirabelli*, 2010 WL 5373876 at *1 (N.D. Ill. Dec. 21, 2010) (citing *Mid America Title Co. v. Kirk*, 991 F.2d 417, 421-22 (7th Cir. 1993) ("We cannot accept the argument that plaintiffs in [copyright infringement cases] must be held to a particularity requirement akin to Federal Rule of Civil Procedure 9(b) * * * exceptions to the requirements of Rule 8 'must be obtained by the process of amending the Federal Rules and not by judicial interpretation.'"). "Where the plaintiff has granted the defendant a license, to establish the second element, the plaintiff must demonstrate that the license was limited in scope and that the scope of the license has been exceeded." *Bergt v. McDougal Littell*, 661 F. Supp. 2d 916, 921 (N.D. Ill. 2009).

As to the first element, Pearson does not refute that Frerck has pled sufficient facts to show that he is the owner and exclusive copyright holder of the images in suit, which are identified in Exhibit A to the complaint. Rather, Pearson claims that Frerck's claims extend to "all photographs ever licensed to Pearson" and that he has not provided factual support for his allegations. However, Pearson's position cannot be reconciled with Frerck's complaint. Frerck's complaint alleges that he gave Pearson limited use of certain photographs (all of which are listed in Exhibit A) and that Pearson exceeded the scope of the limited licenses (or, as set forth below, used photographs without any licenses at all). The fact that Frerck alleges infringement of approximately 4,000 photographs does not make his claims any less plausible.

3

Rather, it just as plausibly suggests that Pearson repeatedly and regularly infringed Frerck's works. The complaint properly alleges infringement of these images by alleging that Pearson used the photographs beyond license limits. Frerck's complaint includes sufficient factual detail and meets the threshold required under notice pleading.

Frerck also alleges that Pearson used his images in other publications without seeking or obtaining any license. As to Pearson's allegedly unlicensed uses in unknown publications, Frerck alleges, "[u]pon information and belief, Pearson used the Photographs[1] without any permission in additional publications. Because Pearson alone knows these wholly unauthorized uses, Frerck cannot further identify them without discovery. Pearson has created, or easily could create, a list of its wholly unlicensed uses of Frerck's Photographs." Compl. at ¶ 13. The complaint also alleges that Pearson's practice of infringing copyrights "deprived Plaintiff and thousands of other visual art licensors of their rightful compensation and unjustly enriched Pearson with outlandish profits in the process." Id. at ¶ 20.

According to Frerck, due to the nature of infringement in question, Pearson alone knows the extent of its unlicensed use of Frerck's photographs, forcing Frerck to plead his claim "upon information and belief." Frerck maintains that before he filed his complaint, he requested that Pearson provide information regarding its unlicensed use of his images, but Pearson refused to provide the requested information. In spite of this, Frerck located some photographs used without his permission in Pearson publications and included the titles of those publications in his complaint. Compl. at ¶ 12, Ex. A. As previously set forth, Frerck also identified photographs that he alleges were infringed. See Compl., Ex. A.

Under these circumstances, it appears that Frerck has provided as much information as can reasonably be included for these claims. Although Pearson maintains that claims pled in this

---

[1] Paragraph 7 of the complaint defines "Photographs" as those images depicted in Exhibit A.

manner are insufficient, numerous courts have continued to uphold pleadings made "on information and belief" after *Twombly* and *Iqbal*. See *Simonian v. Blistex, Inc.,* 2010 WL 4539450, at *3 (N.D. Ill. Nov. 3, 2010); see also *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2nd Cir. 2010) ("The *Twombly* plausibility standard, which applies to all civil actions, does not prevent a plaintiff from pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant")(citations omitted); see also *Sunshine Media Group, Inc. v. Goldberg*, 2010 WL 2899081, at *4 (D. Ariz. July 22, 2010) (denying motion to dismiss, noting, "Parties are permitted to plead upon information and belief"); see also *Brinkmeier v. Graco Children's Products Inc.*, 767 F. Supp. 2d 488, 2011 WL 772894 *6 (D. Del. March 7, 2011) (permitting pleading upon information and belief even under Rule 9, which requires the circumstances of fraud to be pleaded with particularity). In fact, the Southern District of New York rejected Pearson's argument against pleading in this manner in a copyright case involving substantially similar facts. *Wu v. Pearson Educ., Inc.*, 2010 WL 3791676, at *6 (S.D.N.Y. 2010) ("Pearson cites no case in which a court dismissed a complaint for overuse of qualifiers, and the Court is aware of no such case.). In another pending copyright case against Pearson, the District of Arizona also recently rejected Pearson's argument. See *Bean v. Pearson,* 2011 WL 1882367, at *4 (D. Ariz. May 17, 2011) ("Plaintiffs' Complaint contains specific, albeit unadorned, allegations identifying the copyrighted images at issue and the nature of the alleged infringement. These allegations are sufficient to survive Defendant's Rule 12(b)(6) motion."). Given that Pearson's own records will reveal its use of Frerck's images, the allegations in the complaint are sufficient to put Pearson on notice as to the nature and scope of Frerck's claims of unlicensed uses.

Pearson also argues that, in order to state a claim for copyright infringement, Frerck must plead specific details as to each infringing act. Pearson is mistaken. This requirement would impose a higher burden on copyright claims than is required under the federal rules. Notice pleading, not fact pleading, is all that is required to survive a motion to dismiss under Rule 12(b)(6). "As *Erickson* underscored, 'specific facts are not necessary'" to survive a motion to dismiss. *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010) (quoting *Erickson v. Pardus,* 551 U.S. 89, 93 (2007)). "Instead, the Court has called for more careful attention to be given to several key questions: what, exactly, does it take to give the opposing party 'fair notice'; how much detail realistically can be given, and should be given, about the nature and basis or grounds of the claim; and in what way is the pleader expected to signal the type of litigation that is being put before the court?" *Id.* Frerck's complaint sufficiently puts Pearson on notice of the nature of his claims and states a plausible basis for relief. It also provides a clear path toward resolving the claims—however burdensome discovery may be, Frerck's complaint clearly identifies the issues and alerts Pearson and the Court to the information that must be obtained to resolve his claims. The complaint satisfies Fed. R. Civ. P 8(a)(2).

## IV. Conclusion

For these reasons, the Court denies Defendant Pearson Education, Inc.'s motion to dismiss [13].

Dated: April 16, 2012

Robert M. Dow, Jr.
United States District Judge

6