UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT FRERCK, ) | |
| ) | Case No. 11 C 5319 |
| Plaintiff, ) | |
| ) | District Judge Robert M. Dow, Jr. |
| v. ) | |
| ) | Magistrate Judge Geraldine Soat Brown |
| PEARSON EDUCATION, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Geraldine Soat Brown, United States Magistrate Judge

Defendant Pearson Education, Inc. ("Pearson") moves to strike plaintiff Robert Frerck's designated expert witness, Robert Aucone, contending that the witness was not timely disclosed as part of Frerck's case in chief and is not a proper rebuttal witness. (Def.'s Mot.) [Dkt 87.] In response, Frerck argues that the expert's report constitutes rebuttal evidence because he submitted the report to contradict Pearson's experts. (Pl.'s Resp.) [Dkt 91.] The District Judge has referred all discovery motions to this court. [Dkt 31, 34.] For the reasons below, Pearson's motion to strike is granted.

**Background**

Frerck, a photographer, alleges that Pearson, a textbook publisher, infringed his copyrights

1

by incorporating Frerck's photographs into textbooks without authorization. (Compl.) [Dkt 1.] As part of discovery supervision, this court granted Pearson's unopposed motion to extend the parties' deadline for disclosure of expert witnesses under Fed. R. Civ. P. 26(a)(2) to June 28, 2013. [Dkt 72.] Pearson subsequently moved, unopposed, for additional time to take Frerck's deposition and to serve its expert disclosures because Frerck served a supplemental disclosure regarding his claimed damages, including a 1,300 page spreadsheet, on May 31, 2013. (Def. Unopposed Mot. Continue Dep. ¶ 7.) [Dkt 75.] Frerck agreed to sit for a continued deposition on the subject of damages and to an extension of the deadline for Pearson's expert disclosures. (*Id.* ¶ 9.) The court granted Pearson's motion and extended the time for Pearson's expert disclosures to August 31, 2013. (Order, June 18, 2013.) [Dkt 76.] Frerck did not seek a similar extension.

Nearly two months after the original deadline, on August 22, 2013, Frerck sent Pearson a disclosure identifying himself and Robert Aucone as expert witnesses on the topic of damages. (Def.'s Mot., Ex. A.) Frerck explained that he could not yet provide a report for Mr. Aucone as required by Rule 26(a)(2)(B) because Mr. Aucone "is expected to provide rebuttal trial testimony" and Pearson had not yet submitted evidence about its calculation of damages. (*Id.*) On August 31, 2013, Pearson served reports from three experts, Raymond F. Lindley, Bradley N. Reiff, and N. Warren Winter. (Def.'s Mot. at 2.)[1]

On September 4, 2013, Pearson noted at a status hearing that it planned to move to strike Frerck's expert witnesses as untimely. Following that hearing, the parties' attorneys discussed Frerck's Rule 26(a)(2) disclosures, and Frerck's counsel agreed by email to withdraw them. (Def.'s

---

[1] Pearson's experts' reports, which were not included with its motion, were provided to the court.

Mot., Ex. B.) A day later, however, on September 11, 2013, Frerck again served Pearson a document identifying Robert Aucone as a witness expected to provide rebuttal testimony in response to the report by Pearson's experts about damages. (*Id.*, Ex. C.) Pearson's counsel then sent Frerck's counsel an email accusing him of trying "to backdoor in a damages report under the guise of a rebuttal report." (*Id.*, Ex. D.) Rather than responding to this email, Frerck sent Pearson a copy of a letter dated September 27, 2013, which apparently is Mr. Aucone's written report ("Aucone Report"). (*Id.*, Ex. E.) The parties could not reach an agreement about Mr. Aucone, so Pearson moved to strike him as an expert. (Def.'s Mot. at 4.)

Frerck does not argue that his disclosure of Mr. Aucone was timely as an expert on his case in chief. Rather, he argues that Mr. Aucone was timely disclosed as a rebuttal expert. (Pl.'s Resp. at 1.)[2]

**Legal Standard**

"'The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party.'" *Peals v. Terre Haute Police Dept.*, 535 F.3d 621, 630 (7th Cir. 2008) (quoting *United States v. Grintjes*, 237 F.3d 876, 879 (7th Cir. 2001)). Thus, rebuttal reports are "limited to contradicting or rebutting evidence on the same subject matter identified by another party in its expert disclosures." *Noffsinger v. The Valspar Corp.*, No. 09 C 916, 2011 WL 9795 at *6 (N.D. Ill. Jan. 3, 2011) (internal quotations omitted). A party may not "offer testimony

---

[2] Frerck was granted leave to file an amended complaint alleging an additional claim of fraud. (Order, Oct. 30, 2013.) [Dkt 96.] Because discovery on the initial complaint had been completed, a new schedule was set for discovery limited to the new claim. (Order, Dec. 12, 2013.) [Dkt 113.]

3

under the guise of 'rebuttal' only to provide additional support for his case in chief." *Id.* "The plaintiff who knows that the defendant means to contest an issue that is germane to the prima facie case (as distinct from an affirmative defense) must put in his evidence on the issue as part of his case in chief." *Braun v. Lorillard, Inc.*, 84 F.3d 230, 237 (7th Cir. 1996).

**Discussion**

Pearson first argues that the court need not reach the question whether Mr. Aucone's report is proper rebuttal evidence because the court's scheduling order required expert witnesses to be disclosed by June 28, 2013. (Def.'s Reply at 1.) [Dkt 93.] The scheduling order is, however, silent on the matter of rebuttal experts. [*See* dkt 72.] In that circumstance, rebuttal expert reports are due within 30 days of the other party's expert disclosures. Fed. R. Civ. P. 26(a)(2)(D)(ii); *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996). Because Mr. Aucone's report was served that time frame, it is not untimely if it qualifies as rebuttal evidence.

The central issue is whether Mr. Aucone's report demonstrates that he will give proper rebuttal testimony. Pearson points out that Frerck disclosed Mr. Aucone as a rebuttal expert *before* Pearson served its damages experts, that is, before there was anything to rebut. That fact certainly raises a question about Frerck's intended use for Mr. Aucone's testimony, but it is not necessary to rely on that as a reason to strike his report.

Pearson's motion succeeds, rather, because the content of Mr. Aucone's report is not proper rebuttal evidence. The report serves primarily as a vehicle for Mr. Aucone to outline his own view of the law of damages in copyright cases. It fails to meet the standards of Federal Rule of Evidence 702, which provides:

4

> A witness who is qualified as an expert by knowledge, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> > (a)  the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> >
> > (b)  the testimony is based on sufficient facts or data;
> >
> > (c)  the testimony is the product of reliable principles and methods; and
> >
> > (d)  the expert has reliably applied the principles and methods to the facts of the case.

Instead, Mr. Aucone's report is in substance a legal argument for its conclusion, which is that Pearson's experts should be "excluded." (Aucone Rept. at 8.)

Pearson's experts

Mr. Aucone is purportedly rebutting the reports of Pearson's three experts, Raymond F. Lindley, Bradley N. Reiff, and N. Warren Winter.

Mr. Lindley is the former Director of the Office of Educational Improvement and Innovation for the State of Oregon Department of Education, with 17 years of experience in textbook selection by various school districts. He opines, *inter alia,* that Frerck's damage calculation is based on a misunderstanding of the process of selecting school textbooks, and that the inclusion of the subject photographs had no influence on the selection of the textbooks by various school districts.

Mr. Reiff is executive vice president of Compass Lexecon and previously a lecturer on economics at Tufts University. He opines, *inter alia*, that Frerck's calculations of lost licenses and fees did not include sufficient back-up material explaining specific calculations, that the market price

for licensing Frerck's photographs was low, and that there is no evidence that the inclusion of a particular photograph in a textbook affects the purchasing decision.

Mr. Winter is a president of a company that deals with licensing and syndication for newspapers and freelance photographers, and for at least the past 14 years has been a representative for various photographic licensors. He opines about the licensing practices in the industry, and specifically opines that factors in Frerck's calculations depart from the industry norms.

### Mr. Aucone's report

Mr. Aucone is a Certified Public Accountant. (Aucone Rept. at 1.) For the past twenty years his main emphasis has been expert witness services and litigation. (*Id*.) His eight-page report has two parts. The first seven pages consist of extensive quotations from Pearson's experts' reports. Mr. Aucone's analysis of those reports, however, is thin. He does not actually rebut anything in those experts' reports. He criticizes Mr. Lindley and Mr. Winter as not having any experience with calculating damages in a copyright infringement case. (Aucone Rept. at 1.)

The main contention of his report, however, is that Pearson's experts should be excluded based on his belief that those experts failed to adopt "the appropriate method to be used in calculating damages related to a copyright infringement case." (Aucone Rept. 3.) As to Mr. Lindley, Mr. Aucone opines only that the textbook selection criteria is "not a consideration in calculating damages in a copyright infringement case." (*Id.* at 2.) As to Mr. Reiff, Mr. Aucone simply repeats six times his contention that the market price for licensing a particular photograph is not a consideration when calculating damages in a copyright infringement case. (*Id*. at 3-5.) His approach to Mr. Winter is the same: extensively quoting Mr. Winter's report and simply repeating four times

that, in his opinion, industry norms in licensing do not provide an appropriate basis for calculating damage in a copyright case. (*Id.* at 5-7.)

The last part of Mr. Aucone's report is a stand-alone section entitled "Calculation of Damages in a Copyright Infringement Case." (*Id.* at 7-8.) It consists of seven paragraphs in which Mr. Aucone describes what he views as the correct method to calculate damages in a copyright case. There are no actual calculations, just a recitation of what Mr. Aucone believes the law provides as the formula for calculating damages in such a case. There is no attempt to apply the legal principles announced to any calculation of damages in this case. The text of Mr. Aucone's "opinion" could have been lifted from a legal treatise, although he provides no citation.[3] Notably, he does not state the basis for his opinion, other than his experience as an expert in litigation consulting.

It is impossible to tell how Mr. Aucone's recitation of legal principles relates to any calculation of damages that Frerck put forth in his case in chief because Mr. Aucone's report does not attempt to do so. Of course, Frerck cannot submit a "rebuttal" report advancing a new theory of damages now that Pearson has already produced its expert reports. *See Stanfield v. Dart*, No. 10 C 6569, 2013 WL 589222 at *3-4 (N.D. Ill. Feb. 14, 2013) (striking "rebuttal" report that offered independent expert opinion rather than challenging opponent's expert reports); *Noffsinger*, 2011 WL 9795 at *6 (striking "rebuttal" report as an attempt to bolster case in chief); *Nelson v. Ipalco Enters., Inc.*, No. IP02477CHK, 2005 WL 1924332 at *8 (S.D. Ind. Aug. 11, 2005) (granting motion to strike expert when "plaintiffs waited until after the defendants produced their own expert reports before disclosing [the expert] and providing his report, and tried to slip it in as supposed 'rebuttal'"); *Paris*

---

[3] This is not a judgment about whether Mr. Aucone's statement of legal principles is correct or incorrect as applied in this case.

*v. Amoco Oil Co.*, No. 00 C 8206, 2002 WL 252821 at *1 (N.D. Ill. Feb. 21, 2002) (rejecting attempt to "backdoor in" expert's affirmative opinion as rebuttal evidence). To the extent that Mr. Aucone's opinion relates to what Frerck has put forth as his damage calculation, it should have been disclosed as part of Frerck's case in chief.

More fundamentally, however, Mr. Aucone's "opinion" amounts to nothing more than a statement of what he believes the law to be, and that is not proper expert testimony by expert witnesses either in Frerck's case in chief or on rebuttal. "The only legal expert in a federal courtroom is the judge. Clearly, an opinion that purports to explain the law to the jury trespasses on the trial judge's exclusive territory." *United States v. Lupton*, 620 F.3d 790, 800 (7th Cir. 2010) (quotations and citations omitted) (affirming exclusion of purported expert who was to explain how statute would apply). Mr. Aucone, an accountant, is not qualified to instruct the jury on the law of damages. His conclusion – that Pearson's experts should be excluded – is a determination for the court as a legal matter under the standards of Rule 702. Mr. Aucone's recitation of his understanding of the law and would not assist the trier of fact, which will follow the court's instructions.

Likewise, Mr. Aucone's attempt to undermine the credentials of Mr. Lindley and Mr. Winter by pointing out that they did not list expertise in calculating damages in a copyright infringement case goes to whether they are qualified as experts. That is a determination for the court to make in accordance with Fed. R. Evid. 702. *See Lapsley v. Xtek, Inc.*, 689 F.3d 802, 809 (7th Cir. 2012). It is not proper content for an expert report. *See Underhill v. Coleman Co.*, No. 3:12-cv-129-JPG-DGW, 2013 WL 5399941 at *2-3 (S.D. Ill. Sept. 23, 2013) (excluding expert's opinions about another expert's qualifications).

Thus, Mr. Aucone is not a proper rebuttal expert. To the extent that he would support Frerck's damage calculations – which the report itself does not reveal – Mr. Aucone's disclosure and report should have been served by the deadline for serving experts' disclosures. Because Frerck has not offered any justification for missing that deadline, and allowing the report at this time would prejudice Pearson, Mr. Aucone must be excluded as an expert. *See* Fed. R. Civ. 37(c)(1); *Dura Automotive Sys. of Ind., Inc. v. CTS Corp.*, 285 F.3d 609, 615-16 (7th Cir. 2001) (affirming exclusion of untimely expert).

Equally and independently, the court finds that Mr. Aucone's report does not meet the standards of Rule 702 whether tendered on Frerck's case in chief or rebuttal.

**Conclusion**

For the reasons stated above, Pearson's motion to strike Robert Aucone as a rebuttal expert for Frerck is granted.

_____
Geraldine Soat Brown
United States Magistrate Judge

Date: February 6, 2014