UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT FRERCK,<br><br>       Plaintiff,<br><br>       v.<br><br>PEARSON EDUCATION, INC.,<br><br>       Defendant. | No. 11 CV 5319<br><br>Judge Manish S. Shah |

## ORDER

Defendant Pearson Education is directed to publicly file redacted versions of the documents currently filed under seal at Dkt. 98-14–98-46, 145-12–145-20, and 145-22. The clerk is directed to unseal the documents currently filed under seal at Dkt. 98, 98-13, 145, 145-21, and 145-23–145-26.

## STATEMENT

Plaintiff Robert Frerck filed two briefs and a number of exhibits under seal, which defendant had designated as confidential during discovery. In his briefing on the cross-motions for summary judgment, plaintiff cited to almost all of the sealed documents. In my memorandum opinion and order on the cross-motions for summary judgment [161], I cited to many of the sealed documents, and they were all reviewed and considered as part of the decisionmaking process. On August 22, 2014, I entered an order [162] stating my intent to unseal all documents sealed in this case and inviting any party opposing this unsealing to file a position paper on the matter.

On September 15, 2014, defendant filed a paper [164] requesting that I refrain from unsealing the documents filed at Dkt. 98-14–98-46, 145-12–145-20, and 145-22. Alternatively, defendant asked that it be allowed to file redacted versions of these documents rather than unseal them in their entirety. Defendant provided copies of the proposed redactions to chambers. For each document, defendant redacted information which, in its view, was not material to my decision to grant both motions for partial summary judgment.

Having reviewed defendant's position paper, I first decline to keep the requested documents entirely under seal. As noted, I considered portions of each of

these documents when ruling on the motions and so *City of Greenville* prohibits their remaining completely under seal. *See City of Greenville v. Syngenta Crop Protection, LLC*, -- F.3d --, 2014 WL 4092255, *1 (7th Cir. Aug. 20, 2014) ("Once filed with the court, however, documents that affect the disposition of federal litigation are presumptively open to public view") (internal quotation omitted).

Second, *City of Greenville* also makes clear that not every document to touch a district court's docket must be made public. *See Id.* at *2. Public access depends on whether a document influenced or underpinned the judicial decision, so documents not affecting a judicial decision need not be unsealed. *Id.* I agree with defendant that the proposed redactions are limited to sections of the subject documents that did not influence or underpin my order. Regarding Dkt. 98-14–98-46, the only information material to my decision was (1) whether defendant produced a total number of textbooks in excess of what the licenses permitted, and (2) whether defendant distributed textbooks in geographic areas in excess of what the licenses permitted. Regarding Dkt. 145-12–145-20 and 145-22, the only information material to my decision was the forecasted and actual print numbers for the 12 textbooks underlying plaintiff's fraud claim. All other non-material information contained in documents Dkt. 98-14–98-46, 145-12–145-20, and 145-22 is rightfully kept under seal. Allowing defendant to publicly file redacted versions of these documents appropriately balances the interests of transparency in the courts and confidentiality in pretrial discovery.

Finally, regarding Dkt. 98, 98-13, 145, 145-21, and 145-23–145-26, defendant does not now request that these documents remain sealed. To the extent defendant previously requested that Dkt. 98 and 98-13 be sealed, those entire documents affected my decision and so must be unsealed in whole. While defendant does not appear to have objected at any point to the unsealing of Dkt. 145, 145-21, and 145-23–145-26, I nonetheless find these documents to contain only material information that influenced and underpinned my decision. Thus, interests of public access outweigh confidentiality as to them.

ENTER:

_____

Manish S. Shah
United States District Judge

Date: 9/22/14